The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Barnes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the opinion and Award, except with the modification of Finding of Fact #2, Deletion of Findings of Fact 3 and 4 and renumbering the remainder, and Conclusion of Law 2 and Award 1 and 3.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. On 22 September 1987, plaintiff was employed at Carolina Galvanizing and was working at its plant in Hoke County, North Carolina. At the time of the accident, all parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 22 September 1987, plaintiff suffered an injury by accident when a large piece of galvanized steel struck his lower back, causing a compression fracture at the T12-L1 level. Plaintiff continues to receive medical treatment and is not currently capable of earning wages in competitive employment.
3. Plaintiff has been paid temporary total disability compensation by defendants since the date of injury, and continuing through the date of the Deputy Commissioner's opinion and Award, at a weekly rate of $256.23.
4. A Form 21 Agreement was submitted to the Industrial Commission and approved on 21 October 1987. The parties stipulated that the Industrial Commission shall decide whether they are bound by said Agreement.
5. Should the parties not be bound by the approved Form 21 Agreement, the Industrial Commission shall decide the rate of compensation for temporary total disability to be paid plaintiff.
6. The Industrial Commission shall further decide whether plaintiff is entitled to payment for nursing services rendered by his wife following the date of injury.
*********
The Full Commission adopts the Findings of Fact found by the Deputy commissioner as follows:
FINDINGS OF FACT
1. The Form 21 Agreement approved by the Industrial Commission on 21 October 1987 was signed by plaintiff's wife, and plaintiff did not ratify the execution of said Agreement by his wife so as to signify an intent to enter into said Agreement.
2. Plaintiff began work for defendant-employer on 13 August 1987 and worked until 22 September 1987, when he was injured. Plaintiff's initial rate of pay was $5.50 per hour and as of the date of injury he had earned $2,305.92, rendering an average weekly wage of $393.68. Although plaintiff worked for the employer less than 52 weeks, use of his actual average weekly wage from that period produces a compensation rate fair and just to both parties because this job offered the opportunity to work virtually unlimited overtime, and he left a job that paid a higher hourly rate to take advantage of this to increase his income.
3. In April of 1989, the plaintiff's wife commenced a job at Advance Auto in Sanford, North Carolina. During the day, a relative, Mrs. Kay Sloan, spent approximately four hours per day with plaintiff preparing his meals, helping him in and out of the shower, and helping him dress. In October of 1988, plaintiff had progressed to the point where aided by a walker, he became able to function alone during the daytime.
4. The attendant care certified by plaintiff's physician and provided by plaintiff's wife and other relatives is hereby approved at the equitable rate of $6.00 per hour for the following periods:
 A. For six months following the spinal cord injury, October 1987 through April 1988, eight hours per day, Monday through Friday, and four hours per day on Saturday and Sunday, totalling forty-eight hours per week.
 B. For one year following the six-month-period, from April 1988 through April 1989, five hours per day, Monday through Friday, and two hours per day on Saturday, totalling thirty-four hours per week.
 C. For six months following the one-year-period, from April 1989 through October 1989, four hours per day, Monday through Friday, totalling twenty hours per week.
*********
Based upon the Findings of Fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Form 21 Agreement approved by the Industrial commission on 21 October 1987 was not executed by plaintiff and, therefore, does not represent an Agreement between plaintiff and defendants, as envisioned by N.C. Gen. Stat. § 97-17. Accordingly, the approval of said Form 21 Agreement is hereby set aside pursuant to the power of the Industrial Commission to amend its own judgments. Accordingly, the parties are not bound by any of the terms of said Agreement. Hogan v. Cone Mills Corp.315 N.C. 127, 337 S.E.2d 447 (1985).
2. Plaintiff's average weekly wage with defendant-employer was $393.68 and his weekly compensation rate is $262.47. These figures were reached based upon the statutory language of N.C. Gen. Stat. § 97-2(5); which states:
 "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained."
N.C. Gen. Stat. §§ 97-2(5) and 29.
3. As a result of his injury by accident on 22 September 1987, plaintiff is entitled to have paid by defendants the reasonable and necessary attendant care services provided by plaintiff's wife and relatives, at the rate of $6.00 per hour for a total of $16,708.00. N.C. Gen. Stat. §§ 97-25 and 29; Little v.Penn Ventilator, Co., 317 N.C. 206, 345 S.E.2d 204 (1988).
*********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendants shall pay to plaintiff compensation benefits at the rate of $262.47 per week, effective 23 September 1987 through the present date, and continuing at said rate until defendants obtain permission from the Industrial Commission to cease payment of compensation. Defendants shall pay in one lump sum the difference between said rate and the amounts heretofore paid toward compensation accrued. These payments shall be subject to the reasonable attorney's fee approved in Paragraph Three of this Award.
2. As a result of his injury by accident on 22 September 1987, defendants shall pay plaintiff $16,708.00 for necessary attendant care services. Said amount shall be paid in a lump sum, subject to the attorney's fee approved in Paragraph Three of this Award.
3. A reasonable attorney's fee of $20,000.00 is approved as reasonable for plaintiff's former counsel, G. Les Burke. Every fourth check for temporary total disability compensation shall be sent to Attorney Burke until the $20,000.00 figure is satisfied. In addition, a reasonable attorney's fee of twenty-five percent of the compensation awarded for attendant care is approved as reasonable for plaintiff's current attorney, Edward L. Bullard, Jr. and shall be deducted from that amount and paid directly to Attorney Bullard. If present counsel desires additional fee, he shall petition the commission, including a copy of his fee contract.
4. Defendants shall pay the costs due this commission.
This case is ORDERED REMOVED from the Full Commission docket.
 S/ __________________ FORREST H. SHUFORD II DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ J. RANDOLPH WARD COMMISSIONER
S/ _____________ COY M. VANCE DEPUTY COMMISSIONER